IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LARRY D. MCGHEE                                                                                      PLAINTIFF

v.                                       Civil No. 14-2095

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                                DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Larry McGhee, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for supplemental security income ("SSI") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

### I.      Procedural Background:

Plaintiff filed his application for SSI on October 24, 2011, alleging an onset date of May 1, 2011, due to lower back pain, left leg pain, bilateral arm pain, headaches, and depression.  Tr. 112-117, 134, 148-149, 150, 161, 172.  The Commissioner denied his application initially and on reconsideration.  Tr. 56-60, 64-66.  At the Plaintiff's request, an Administrative Law Judge ("ALJ") held an administrative hearing on August 21, 2012.  Tr. 28-53.  Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 54 years old and possessed an eighth grade education. Tr. 33. He had past relevant work ("PRW") experience as a carpenter and lawn mower. Tr. 33-34, 45-53, 135, 140-147, 181.

On November 2, 2012, the ALJ concluded that the Plaintiff's back disorder is severe, but concluded it did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 21. He concluded that the Plaintiff could perform medium work involving only occasional climbing, stooping, kneeling, crouching, and crawling. Tr. 21-22. The ALJ then found the Plaintiff could perform his PRW as a carpenter. Tr. 24.

The Appeals Council denied the Plaintiff's request for review on February 18, 2014. Tr. 1-7. Subsequently, Plaintiff filed this action. ECF No. 1. This matter is before the undersigned by consent of the parties. ECF No. 7. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 11, 12.

## II.  **Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is

possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382(3)(c). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. See 20 C.F.R. § 416.920(a)(4). Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § 416.920(a)(4)(v).

**III.     Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Adequate medical evidence must therefore exist that addresses the claimant's ability to function in the workplace. *See Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). The ALJ is not at liberty to make medical judgments regarding the ability or disability of a claimant to engage in gainful activity where such inference is not warranted by clinical findings. *McGhee v. Harris*, 683 F. 2d 256 (8th Cir. 1982).

The record presently before this court includes documentation of the Plaintiff's complaints of lower back pain radiating into his left leg. Due to his uninsured status, the medical evidence is sparse, consisting of emergency room records and records from the Good Samaritan Clinic. X-rays did reveal mild to moderate degenerative changes in his lumbar spine.[1] Tr. 187-191, 208-228. Physical exams revealed a positive straight leg raise test on the left and a painful range of motion in the lower back. Tr. 208-228. Although a consultative physical exam revealed only pain with squatting and arising from a squatting position, the doctor diagnosed chronic back pain likely secondary to osteoarthritis and degenerative disk disease. Tr. 187-191. Further, he assessed him with a "moderate inability to bend, squat, lift, or walk long distances." A non-examining consultant also concluded that the Plaintiff could perform light work involving only occasional stooping and crouching. Tr. 195-202. The ALJ, however, determined the Plaintiff could perform medium level work with occasional climbing, stooping, kneeling, crouching, and crawling.

---

[1] His treating doctor ordered an MRI, but the Plaintiff's charity application at Sparks was not granted until November 2012. Tr. 246.

The undersigned cannot say that substantial evidence supports the ALJ's RFC determination. Accordingly, remand is necessary to allow the ALJ to reconsider the Plaintiff's RFC.

The undersigned is also unclear as to whether the Appeals Council ("AC") considered the additional evidence submitted by the Plaintiff. Under the regulations, "if a claimant files additional medical evidence with a request for review prior to the date of the [Commissioner's] final decision, the Appeals Council MUST consider the additional evidence if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Williams v. Sullivan*, 905 F.2d 214, 215-216 (8th Cir. 1990). Its failure to do so may be a basis for remand by a reviewing court. *See Whitney v. Astrue*, 668 F.3d 1004, 1006 (8th Cir. 2012) (holding that Commissioner's failure to consider evidence may be grounds for remand). Whether the evidence is new, material and related to the relevant period is a question of law reviewed de novo. *See Williams*, 905 F.2d at 216.

The timing of the additional evidence is not dispositive of whether the evidence is material. *Id.* Evidence obtained after an ALJ decision is material if it related to the claimant's condition on or before the date of the ALJ's decision. *Basinger v. Heckler*, 725 F.29 1166, 1169 (8th Cir. 1984).

In the present case, the Plaintiff submitted additional medical evidence to the AC documenting his treatment from January 2013 through November 2013. Tr. 2. The AC acknowledged receipt of these records, but denied review, stating all the records were dated after the ALJ's decision. It then failed to include the records in the transcript presented to this court.

Plaintiff contends that he submitted MRIs of his lumbar spine and brain conducted in January 2013. He also claims to have submitted additional treatment notes documenting his treatment for chronic pain. The AC's notice of decision does not describe the evidence submitted,

5

rather merely states the date of treatment and the service provider.  It also does not make clear whether the AC actually reviewed and considered the evidence prior to denying review.  However, given the aforementioned evidence documenting the Plaintiff's complaints of lower back pain, the undersigned is of the opinion that an MRI and additional treatment records dated a mere two or three months after the ALJ's decision would clearly relate back to the relevant time period.  Accordingly, this matter must be remanded to the Commissioner for further consideration of the additional evidence submitted to the AC.  The Commissioner is also directed to make the evidence a part of the record.

**IV.     Conclusion**:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 8th day of July, 2015.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE